IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLIE PEACOCK AND JOSE ORTIZ, on behalf of themselves and all other persons similarly situated, known and unknown, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 12 CV 334 |
| v. | ) ) | Magistrate Judge Finnegan |
| CHICAGO TRANSIT AUTHORITY, | ) ) ) | |
| Defendant. | ) | |

JOINT MOTION TO AUTHORIZE NOTICE AND FOR FINAL APPROVAL
OF SETTLEMENT AGREEMENT AND RELEASE

Charlie Peacock and Jose Ortiz ("Named Plaintiffs"), by their undersigned attorneys, and Defendant Chicago Transit Authority ("CTA"), by its undersigned attorneys, move this Court to authorize notice of a collective action and for final approval of their settlement agreement (attached as Exhibit 1), for approval of a Consent to Join Suit as a Party Plaintiff ("Consent") (attached as Exhibit 1-B), for approval of a mailing of a notice of settlement (attached as Exhibit 1-D), and for inclusion of their settlement agreement in a final judgment (attached as Exhibit 1-E). In support of this motion, Plaintiffs and the CTA state:

1. On January 17, 2012, Named Plaintiffs filed a complaint in the United States District Court for the Northern District of Illinois, Eastern Division, Case No. 12 C 00334 (the "Litigation"), alleging a collective action under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and class action under the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq.* ("IWPCA"), for CTA's alleged failure to pay rail operations employees for time CTA

required them to train in connection with system and section picks when those employees voluntarily picked to work in a new Section, to work out of a different terminal, or to work on a different rail line.

2. Effective April 5, 2012, by agreement of the parties, the statute of limitations was tolled effective April 5, 2012, such that there are two system picks and three section picks at issue in the Litigation, as follows: August 2, 2009 System Pick; February 2, 2010 System Pick; December 10, 2010 Section Pick; June 12, 2011 Section Pick; and November 20, 2011 Section Pick (collectively, the "2009-2011 Picks").

3. Four individuals ("Opt-in Plaintiffs") have given their consents in writing to become parties to the Litigation and have given written authorization to the Named Plaintiffs to represent them and have agreed in writing to be bound by any settlement of the case or adjudication by the Court.

4. The attorneys for Named Plaintiffs and Opt-in Plaintiffs have had the opportunity to examine CTA's records related to the 2009-2011 Picks, and CTA has identified additional rail operations employees who may have claims with respect to this Litigation ("Eligible Plaintiffs").

5. On or about February 20, 2013, the Named Plaintiffs and Opt-in Plaintiffs reached a settlement agreement. See Exhibit 1.

6. Parties to an FLSA lawsuit may settle disputed claims by means of a stipulated judgment entered by the district court after scrutinizing the settlement for fairness. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982). The parties propose that the settlement agreement be entered as part of a stipulated final judgment in this case.

7. Under the settlement agreement, the CTA agrees to pay up to $320,734.92 in the aggregate allocated in the Final Settlement Agreement and Release ("settlement agreement")

individually to the Named Plaintiffs, Opt-in Plaintiffs, and to those Eligible Plaintiffs who submit a signed Consent in sufficient time to have Plaintiffs' counsel file it with the Federal Court no later than June 18, 2013. Under the settlement agreement, the CTA also agrees to pay the attorneys for Named Plaintiffs and Opt-in Plaintiffs $64,000.00 in fees and costs. The CTA also agrees to bear its own attorney fees and costs and shall not seek attorneys' fees and costs from any Plaintiff or attorneys for Named Plaintiffs and Opt-in Plaintiffs.

8. The settlement agreement provides for Notice of Right to Join Lawsuit and Summary of Settlement Agreement by first class mail paid by Plaintiffs to the last known addresses of the Eligible Plaintiffs. The parties stipulate and request that the Court authorize notice to Eligible Plaintiffs, pursuant to 29 U.S.C. § 216(b), so that they may have the opportunity to opt-in to this collective action and agree to be bound by the terms of the settlement agreement.

9. Under the settlement agreement, Named and Opt-in Plaintiffs release the CTA from all allegations or claims which have been raised or which could have been raised by, or which arise from or relate to the facts, transactions, occurrences, or subject matter described in or encompassed by, the Litigation through the date the settlement agreement was signed.

10. Once any Eligible Plaintiff timely signs a Consent to Join Suit as a Party Plaintiff, that individual will be represented by Plaintiffs' attorneys and will be an additional Opt-in Plaintiff who similarly releases the CTA as referenced above in Paragraph 9.

11. The Court should approve the settlement agreement because it is fair, adequate, reasonable, and in the best interests of Plaintiffs. The amount of compensable time and the hourly rates for the compensable time at issue herein are disputed as is Plaintiffs' claim for liquidated damages. The attorneys for Named Plaintiffs and Opt-in Plaintiffs have had the

opportunity to examine Plaintiffs' training and payroll records as well as other CTA documents throughout the course of this litigation. It is clear that any additional litigation of this suit would be protracted. There has been no collusion in reaching a settlement.

12. The parties request that the settlement agreement be entered as an order of the Court and that the terms of the settlement agreement be expressly incorporated into the Court's order granting final approval of the settlement agreement. The parties further request that the Court dismiss the Litigation without prejudice effective June 26, 2013, and that the Court retain jurisdiction over the Litigation for a period of 60 days after entry of the order for purposes of enforcing the parties' settlement agreement. The parties further request that the Court issue an order dismissing the Litigation with prejudice if no party files a motion to enforce the settlement agreement within 60 days after entry of the order dismissing the Litigation without prejudice.

WHEREFORE, pursuant to the terms of the settlement agreement, Plaintiffs and the CTA jointly request that this Court:

a. Find that the settlement agreement attached hereto as Exhibit 1 is fair, adequate, reasonable, and in the best interests of Plaintiffs;

b. Approve the form of Consent attached hereto as Exhibit 1-B.

c. Approve the form of notice of settlement by first class mail attached hereto as Exhibit 1-D and direct that, within five (5) business days after the date of the order approving the settlement agreement, CTA shall provide attorneys for Named Plaintiffs and Opt-in Plaintiffs with the last known address of the Eligible Plaintiffs and, within ten (10) business days thereafter, attorneys for Named Plaintiffs and Opt-in Plaintiffs shall mail or cause to be mailed at their own expense the aforesaid form of notice of settlement, with all blanks appropriately filled

in, by first class mail, postage prepaid, to all Eligible Plaintiffs at their last known addresses on file with CTA;

    d.    Find that the mailing of the form of notice attached hereto as Exhibit 1-D is valid, due, and sufficient notice to the Eligible Plaintiffs of these proceedings and of the settlement agreement and that such notice constitutes the best notice practicable under the circumstances and complies fully with the requirements of the Federal Rules of Civil Procedure, the Constitution of the United States, and any other applicable law;

    e.    Enter an order in substantially the same form as Exhibit 1-E and enter a final judgment in this case incorporating the aforesaid order as well as the settlement agreement.

Dated: February 21, 2013                            Respectfully submitted,

By: _/s/ Rachel Kaplan_
One of Defendant's Attorneys

By: _/s/_
One of Attorneys for Named Plaintiffs and Opt-in Plaintiffs

David Montgomery
Rachel Kaplan
Chicago Transit Authority
567 West Lake Street
Chicago, Illinois 60661
(312) 681-2900

Anita Tanay
Taylor E. Muzzy
Jacobs, Burns, Orlove & Hernandez
122 S. Michigan, Suite 1720
Chicago, Illinois 60603
(312) 372-1646