IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLIE PEACOCK AND JOSE ORTIZ, ) | | |
| on behalf of themselves and all other persons ) | | |
| similarly situated, known and unknown, ) | | |
| ) | | |
| Plaintiffs, ) | Case No. 12 CV 334 | |
| ) | | |
| v. ) | Magistrate Judge Finnegan | |
| ) | | |
| CHICAGO TRANSIT AUTHORITY, ) | | |
| ) | | |
| Defendant. ) | | |

ORDER AUTHORIZING NOTICE OF RIGHT TO JOIN LAWSUIT AND
GRANTING FINAL APPROVAL OF SETTLEMENT AGREEMENT AND RELEASE

THIS MATTER COMING BEFORE THE COURT on the parties' joint motion for final approval of settlement agreement and the Court being fully advised in the premises,

THE COURT HEREBY FINDS AND ORDERS:

1. On January 17, 2012, Charlie Peacock and Jose Ortiz ("Named Plaintiffs") filed a complaint in the United States District Court for the Northern District of Illinois, Eastern Division, Case No. 12 C 00334 (the "Litigation"), alleging a collective action under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and class action under the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq.* ("IWPCA"), for CTA's alleged failure to pay rail operations employees for time CTA required them to train in connection with system and section picks when those employees voluntarily picked to work in a new Section, to work out of a different terminal, or to work on a different rail line.

2. Effective April 5, 2012, by agreement of the parties, the statute of limitations was tolled effective April 5, 2012, such that there are two system picks and three section picks at issue in the Litigation, as follows: August 2, 2009 System Pick; February 2, 2010 System Pick; December 10, 2010 Section Pick; June 12, 2011 Section Pick; and November 20, 2011 Section Pick (collectively, the "2009-2011 Picks").

3. Four individuals ("Opt-in Plaintiffs") have given their consents in writing to become parties to the Litigation and have given written authorization to the Named Plaintiffs to represent them and have agreed in writing to be bound by any settlement of the case or adjudication by the Court.

4. The attorneys for Named Plaintiffs and Opt-in Plaintiffs have had the opportunity to examine CTA's records related to the 2009-2011 Picks and CTA has identified additional rail operations employees who may have claims with respect to this Litigation ("Eligible Plaintiffs").

5. On or about February 20, 2013, the Named Plaintiffs and Opt-in Plaintiffs reached a settlement agreement. See Exhibit 1.

6. Parties to an FLSA lawsuit may settle disputed claims by means of a stipulated judgment entered by the district court after scrutinizing the settlement for fairness. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982).

7. Under the Final Settlement Agreement and Release ("settlement agreement"), the CTA agrees to pay up to $320,734.92 in the aggregate allocated in the settlement agreement individually to the Named Plaintiffs, Opt-in Plaintiffs, and to those Eligible Plaintiffs who timely submit an executed Consent to Join Suit as a Party Plaintiff. Under the settlement agreement, the CTA also agrees to pay the attorneys for Named Plaintiffs and Opt-in Plaintiffs $64,000.00 in fees and costs. The CTA also agrees to bear its own attorneys' fees and costs and shall not seek

attorneys' fees and costs from any Plaintiff or attorneys for Named Plaintiffs and Opt-in Plaintiffs.

8. Under the settlement agreement, Plaintiffs release the CTA from all allegations or claims which have been raised or which could have been raised by, or which arise from or relate to the facts, transactions, occurrences, or subject matter described in or encompassed by, the Litigation through the date the settlement agreement was signed.

9. Pursuant to the parties' stipulation, the Court authorizes notice to Eligible Plaintiffs, pursuant to 29 U.S.C. § 216(b), so that they may have the opportunity to opt-in to this collective action and agree to be bound by the terms of the settlement agreement. The Court finds that the distribution of the Notice of Right to Join Lawsuit and Summary of Settlement Agreement and Release by first class mail will fully and accurately inform all Plaintiffs of all material elements of the settlement agreement, constitutes the best notice practicable under the circumstances, and constitutes valid, due, and sufficient notice, complying with the requirements of the Federal Rules of Civil Procedure, the Constitution of the United States, and any other applicable law.

10. The Court finds that the settlement agreement is fair, adequate, reasonable, and in the best interests of all Plaintiffs. The settlement agreement offers to Plaintiffs a reasonable sum of overtime compensation and an additional reasonable amount of liquidated damages. The amount of compensable time and Plaintiffs' entitlement to liquidated damages are disputed. The attorneys for Named Plaintiffs and Opt-in Plaintiffs have had the opportunity to examine Plaintiffs' training and payroll records as well as other CTA documents throughout the course of this litigation. It is clear that any additional litigation of this suit would be protracted. There has

been no collusion in reaching a settlement. The Court therefore grants the joint motion for final approval of settlement agreement.

11. The Court finds, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay and orders the entry of a final judgment in this case which shall incorporate the settlement agreement.

12. The attached settlement agreement is entered as an order of the Court and the parties are ordered to comply with, and to make performance as required under, the terms of the settlement agreement. This case is dismissed without prejudice effective June 26, 2013 and the Court shall retain jurisdiction over the Litigation for a period of 60 days after entry of this Order for purposes of enforcing the parties' settlement agreement. The Litigation will be dismissed with prejudice by order of the Court if no party files a motion to enforce the settlement agreement within 60 days after the dismissal without prejudice.


DATE:  February 26, 2013                    ENTER:  _Sheila Finnegan_
                                            HONORABLE SHEILA FINNEGAN
                                            Judge Presiding